# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MARK CZARNECKI, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CASE NO. C15-0421JLR <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

Before the court is Plaintiff Mark Czarnecki's motion for reconsideration of the court's "decision granting summary judgment to the United States, on [Dr. Czarnecki's] claim of false arrest." (Mot. (Dkt. # 71).) The court has considered Dr. Czarnecki's motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court DENIES Dr. Czarnecki's motion.

In support of his motion, Dr. Czarnecki offers no evidence, citation to the record, or legal authority. (*See id.*) Instead, the totality of Dr. Czarnecki's motion is as follows:

---

[1] Dr. Czarnecki did not request oral argument on his motion (*see* Mot. at 1), and the court determines that oral argument is unnecessary, *see* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 1

> The findings the Court has entered, and the evidence on which those findings were based, underscores the seriousness of handcuffing as a restraint on liberty. The Court has determined that if a person who is handcuffed even turns toward a handcuffing officer to find out what is being done to him, the officer is justified in taking the person to the ground and forcing his arms behind his back in order to forcibly place handcuffs. The Court has determined that it is not necessary for the officers to provide a warning, or to obtain consent, before beginning the handcuffing process in which that level of force is authorized.
>
> Plaintiff respectfully submits that a restraint on liberty and an invasion of personal integrity of this magnitude constitutes an arrest requiring probable cause. The Court should therefore reconsider its summary judgment ruling, which was based on the premise that only a reasonable suspicion is required to initiate this level of personal restraint in the circumstances presented here.

(Mot. at 1-2.)

Dr. Czarnecki brings his motion for reconsideration under Rule 59(a), which relates to motions for new trials or altering or amending a judgment following trial. (Mot. at 1 (citing Fed. R. Civ. P. 59(a)).) Although the court held a non-jury trial on Dr. Czarnecki's claim for assault and battery (*see* Min Entries (Dkt. ## 59, 62-63, 65), the court granted summary judgment to Defendant United States of America ("the Government") on Dr. Czarnecki's claim for false arrest prior to trial (*see* SJ Order at 15-33). Rule 59(a) is not the appropriate procedural vehicle for reconsideration of the court's summary judgment order concerning Dr. Czarnecki's false arrest claim. *See Merrill v. Cty. of Madera*, 389 F. App'x 613, 615 (9th Cir. 2010) (stating "a Rule 59(a) motion for new trial is not available on claims or causes of actions for which Plaintiffs never received a trial"); *see also Waites v. Kirkbride Center*, No. 10-cv-1487, 2012 WL 3104503, at *3 n.1 (E.D. Pa. July 30, 2012) ("Some courts have determined that Rule

59(a) is not the proper vehicle to review an order granting summary judgment . . . [T]his Court has not found . . . any cases where a new trial was granted based upon an alleged improper grant of summary judgment."); *Huerta v. AT&T Umbrella Ben. Plan No. 1*, No. 3:11-CV-01673-JCS, 2012 WL 6569369, at *3 (N.D. Cal. Dec. 17, 2012) (stating that Rule 59(a)(2) is a "procedurally improper" tool for seeking reconsideration of summary judgment). A motion for "reconsideration of summary judgment is appropriately brought under . . . Federal Rule 59(e)." *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989) However, "[a] motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (per curiam) (internal quotations omitted) (emphasis in original). "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* at n.1 (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).[2]

Dr. Czarnecki seeks reconsideration of the court's ruling granting summary judgment to the Government on his claim for false arrest. (SJ Order (Dkt. # 50).) In its

---

[2] Even if, however, the court were to consider Dr. Czarnecki's motion under Rule 59(a), the result would be no different. *See* Fed. R. Civ. P. 59(a)(2). Rule 59(a)(2) provides "no broader basis for relief" than Rule 59(e). *HPS Mech., Inc. v. JMR Constr. Corp.*, No. 11-CV-02600-JCS, 2014 WL 5451987, at *2 (N.D. Cal. Oct. 17, 2014). "There are three grounds for granting new trials in court-tried actions under Rule 59(a)(2): (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence." *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978) (per curiam); *see also Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1174 (N.D. Cal. 2009). For the purpose of Dr. Czarnecki's present arguments, this is equivalent to the standard for altering or amending a judgment under Rule 59(e). His motion fares no better under the Rule 59(a)(2) standard than it does under the Rule 59(e) standard.

1   summary judgment order, the court concluded that Dr. Czarnecki's initial detention, prior
2   to his handcuffing, was a routine border detention that did not require either reasonable
3   suspicion or probable cause.  (*Id.* at 16-18.)  The court further concluded that it did not
4   need to determine whether reasonable suspicion was required for Dr. Czarnecki's
5   detention once Customs and Border Patrol ("CPB") Officers decided to handcuff him
6   because CPB Officers had reasonable suspicion to detain him.  (*Id.* at 18-25.)  In
7   addition, the court ruled that the CBP Officers' decision to handcuff Dr. Czarnecki did
8   not convert his lawful border detention into an arrest without probable cause.   (*Id.* at
9   25-30.)  The court also ruled that the length of time that CBP Officers maintained the
10  handcuffs on Dr. Czarnecki did not convert his border detention into an arrest requiring
11  probable cause.  (*Id.* at 30-32.)  Finally, the court concluded that the "Dr. Czarnecki's
12  actions in contravention to the CBP Officers' request to face the wall, when coupled with
13  the border crossing context, provide[d] additional justification for keeping Dr. Czarnecki
14  in handcuffs until [the Port of Seattle Police] had completed their investigation."  (*Id.* at
15  33.)
16      Dr. Czarnecki cites no newly discovered evidence or case authority indicating that
17  the court committed clear error or that there was an intervening change in the controlling
18  law.  Indeed, Dr. Czarnecki mischaracterizes the court's ruling in his motion when he
19  states:  "The Court . . . determined that if a person who is handcuffed even turns toward a
20  handcuffing officer to find out what is being done to him, the officer is justified in taking
21  the person to the ground and forcing his arms behind his back in order to forcibly place
22  handcuffs."  (Mot. at 1.)  To the contrary, the court found that Dr. Czarnecki actively

resisted the CBP Officers' attempts to handcuff him, Dr. Czarnecki did not stop resisting until the handcuffs were in place, and Dr. Czarnecki's testimony to the contrary was not credible. (Findings & Conclusions (Dkt. # 67) at 6-13, 22.) Dr. Czarnecki also mischaracterizes the court's ruling when he states: "The Court . . . determined that it is not necessary for the officers to provide a warning, or to obtain consent, before beginning the handcuffing process in which that level of force is authorized." (Mot. at 1.) The court made no such ruling (*see generally* SJ Order; Findings & Conclusions), and Dr. Czarnecki does not point to any part of the record to support his assertion (*see generally* Mot). Indeed, the court found that CBP Officer Andrews began to give Dr. Czarnecki a warning about the handcuffing, but Officer Andrew's warning was interrupted and cut short by Dr. Czarnecki's sudden resistance to the Officer Andrew's prior instructions. (*See* Findings & Conclusions at 6-7.)

Based on the foregoing analysis, the court concludes that Dr. Czarnecki has failed to meet the standard under Federal Rule of Civil Procedure 59 for reconsideration of the court's summary judgment order. Accordingly, the court DENIES his motion (Dkt. # 71).

Dated this 16th day of February, 2017.

JAMES L. ROBART
United States District Judge